ORDER OF DISBARMENT
 

 JAMES W. KITCHENS, Justice.
 

 ¶ 1. This matter is before the Court,
 
 en banc,
 
 on the formal complaint by the Mis
 
 *633
 
 sissippi Bar pursuant to Rule 6 of the Rules of Discipline for the Mississippi State Bar, seeking disbarment of Kimberly A. Castle for conduct related to her felony conviction in the United States District Court for the Southern District of Mississippi. As Castle’s conviction has been affirmed by the United States Court of Appeals for the Fifth Circuit, and Castle filed no petition for 'writ of certiorari in the United States Supreme Court within the time permitted, we order that Kimberly A. Castle be disbarred.
 

 I.
 

 ¶ 2. The following facts are taken from
 
 United States of America v. Stalnaker,
 
 571 F.3d 428 (5th Cir.2009).
 

 ¶ 8. Kimberly A. Castle, among others, engaged in a mortgage-fraud operation in which inexpensive real property was obtained through various fraudulent acts and sold at inflated prices. If a prospective buyer was unable to purchase the property honestly, Castle and her co-conspirators would forge documents and/or inflate financial information necessary to obtaining financing for the buyer. Castle would handle the loan closings for both the initial purchase of the property and the inflated resale of the property. At the closings, the mortgage company would wire Castle the money to be used for the purchase of the property, and Castle would transfer the money to a co-conspirator, who would use a portion of the money to make the down payment on the property being sold. This allowed Castle and others to entice buyers with a no-money-down promise. A portion of these funds also was used to pay buyers for their participation in the scheme.
 

 ¶ 4. Ultimately, one of the recruited home buyers went to the police with closing papers in which Castle had inflated the purchase price of the home and the financial information of the buyer. This information led to a federal indictment charging Castle and twelve others with bank fraud, wire fraud, conspiracy to commit money laundering, and conspiracy to commit bank fraud, wire fraud, and submission of false statements. Ten of Castle’s code-fendants pled guilty, and Castle, Kenneth Stalnaker, and Richard Lucas were tried in the United States District Court for the Southern District of Mississippi. Castle was found guilty of conspiracy to defraud the United States (count 1) in violation of 18 U.S.C. Section 371, frauds and swindles (counts 3-11) in violation of 18 U.S.C. Section 1343, and money laundering (count 12) in violation of 18 U.S.C. Section 1956(h). The bank-fraud charge (count 2) was dismissed for lack of jurisdiction. Following her conviction, Castle was sentenced to a term of forty-eight months for count one and a term of forty-eight months for counts three through twelve, the sentences to run concurrently. Castle also was sentenced to three years of post-release supervision for count one and five years of post-release supervision for counts three through twelve, to run concurrently.
 

 ¶5. Following Castle’s conviction, the Mississippi Bar filed a formal complaint pursuant to Rule 6 of the Rules of Discipline for the Mississippi State Bar, attaching the criminal judgment against Castle to the complaint. The Bar also filed a motion to suspend Castle indefinitely pending her appeal, to strike Castle from the Bar roll, and to suspend and stay the disciplinary proceedings until the conclusion of Castle’s appeal. Castle did not respond to either of these pleadings, but her attorney acknowledged that he had received a copy of the summons and an attested copy of the formal complaint. This Court entered an order granting the Bar’s motion on May 31, 2007.
 

 
 *634
 
 ¶ 6. On August 18, 2009, the United States Court of Appeals for the Fifth Circuit affirmed Castle’s conviction and sentence, and on January 12, 2010, the Mississippi Bar filed the motion now before us, a motion requesting Castle’s disbarment, attaching to the motion the judgment of the United States Court of Appeals for the Fifth Circuit affirming Castle’s conviction. Again, Castle did not respond to the Bar’s motion, nor did she file a petition for writ of certiorari with the United States Supreme Court.
 

 II.
 

 ¶ 7. The Supreme Court of Mississippi has exclusive and inherent jurisdiction over matters pertaining to discipline of attorneys licensed in Mississippi. Rule 1, Rules of Discipline for the Mississippi Bar. Although Castle currently is suspended from the practice of law in Mississippi for nonpayment of Bar dues, she nonetheless is a member of the Mississippi Bar and thus is subject to the disciplinary jurisdiction of this Court.
 

 Rule 6 provides:
 

 (a) Whenever any attorney subject to the disciplinary jurisdiction of the Court shall be convicted in any court of any state or in any federal court ... a certified copy of the judgment of conviction ... shall be presented to the Court by Complaint Counsel and shall be conclusive evidence thereof. The Court shall then forthwith strike the name of the attorney and order his immediate suspension from the practice of law.
 

 [[Image here]]
 

 (d) When time for appeal from judgment or conviction provided above expires or all appeals have been concluded without reversal, Complaint Counsel shall certify that result to the Court, and the Court shall forthwith enter an order of disbarment.
 

 Rule 6, Rules of Discipline for the Mississippi Bar.
 

 ¶ 8. Given that Castle’s conviction of a felony in the federal district court was affirmed on appeal, and Castle has exhausted the appellate process, Rule 6 requires this Court to disbar Castle from the practice of law in Mississippi.
 

 III.
 

 IT IS THEREFORE, ORDERED, ADJUDGED, and DECREED as follows:
 

 1. Kimberly A. Castle is hereby permanently DISBARRED from the practice of law in the State of Mississippi.
 

 2. This order shall constitute notice of permanent disbarment in this cause.
 

 3. The Clerk of the Mississippi Supreme Court shall forward an attested copy of this order to Kimberly A. Castle and the Executive Director of the Mississippi Bar.
 

 4. Kimberly A. Castle shall, within thirty days following entry of this order, notify clients and affected courts of her disbarment and comply with all other requirements applicable to disbarred attorneys pursuant to Rule 11 of the Rules of Discipline for the Mississippi Bar.
 

 5. The Clerk of this Court shall immediately forward an attested copy of this order to the circuit court judges and chancellors in and for Forrest County, Mississippi, and the senior judge of each court shall enter this order upon the minutes of his or her respective court.
 

 6. The Clerk of the Mississippi Supreme Court shall likewise immediately forward an attested copy of this order to Clerks of the Circuit and Chancery Courts of Forrest County, the Clerks of the United
 
 *635
 
 States District Courts for the Northern and Southern Districts of Mississippi, the Clerk of the United States Court of Appeals for the Fifth Circuit, and the Clerk of the Supreme Court of the United States.
 

 7. Kimberly A. Castle shall file, within forty-five days following entry of this order, an affidavit with this Court stating that all her clients have been notified of her disbarment and her consequent inability to practice law in the State of Mississippi and that she has fully complied with all requirements set forth in Rule 11 of the Rules of Discipline for the Mississippi Bar.
 

 8. The Mississippi Bar shall have and recover of and from Kimberly A. Castle all of its costs and expenses of this disciplinary action.
 

 SO ORDERED.